CHARLES H. MOORE, Administrator, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 13, 1912.

1. CARRIERS: Passenger: General Negligence: Inference. Where a passenger brings an action against a carrier for personal injury alleging negligence in these words: "The defendant carelessly and negligently operated said train in such manner that the train of cars left the track," etc., it was *held* to be a general charge of negligence and that the plaintiff need go no farther than to show the derailment and injury, the law raising an inference of negligence.

2. EVIDENCE: Expert: Force of Question. A hypothetical question propounded to a physician as an expert, under the rulings of the Supreme Court may ask if certain supposed facts "might, could or would" produce the result stated.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*White & Lyons* for appellant.

(1)   The petition alleged specific negligence on the part of the defendant, and no proof of any negligence was made. For this reason the demurrer to the evidence should have been sustained. Roscoe v. Railroad, 202 Mo. 576; Orcutt v. Building Co., 201 Mo. 442; McGrath v. Transit Co., 197 Mo. 457; Morgan v.

Mulhall, 214 Mo. 457; Ely v. Railroad, 77 Mo. 34. (2) The court committed reversible error in giving the instruction asked by the plaintiff, for the reason that she had waived the presumption of negligence, arising from the allegation of general negligence and proof of derailment, by pleading specific negligence. Roscoe v. Railroad, 202 Mo. 576; Orcutt v. Bldg. Co., 201 Mo. 442; McGrath v. Transit Co., 197 Mo. 457; Morgan v. Mulhall, 214 Mo. 457; Ely v. Railroad, 77 Mo. 34. (3) The court erred in refusing defendant a continuance on the ground of surprise. Alt v. Groseclose, 61 Mo. App. 410; Shoe Co. v. Hilig, 70 Mo. App. 308. The action of the court in construing the specific allegation of negligence in the petition, to be general, was tantamount in permitting plaintiff to so amend her petition that the burden of proving no negligence was thrown upon the defendant. Punstall v. Hamilton, 8 Mo. 500. (4) The court committed error in permitting Dr. Burnett, in answering a hypothetical question, to give his conclusion instead of his opinion. Roscoe v. Railroad, 202 Mo. 594; Taylor v. Railroad, 185 Mo. 239.

*Boyle & Howell* for respondent.

(1) The petition does not allege specific negligence. The language is broad and general and is more strictly drawn than defined in the leading case on the subject- to-wit: Mallory v. Railroad, 173 Mo. 82. It is unnecessary that we should follow and discuss the long line of cases, and we will here cite only some of the leading and principal cases, and we may say that the Mallory case is still the typical case as to the doctrine of pleading a derailment in a passenger case. The whole argument of counsel is met by the passage quoted supra. The counsel for defendant say, "of course if the petition had alleged that a derailment was caused by the negligence and carelessness of the agents, servants and employees of defendant, this

would have been an allegation of negligence in general terms." Bowlin v. Railroad Co., 125 Mo. App. 419; Hyde v. Transit Co., 102 Mo. App. 537; Estes v. Railroad, 110 Mo. App. 725; Condy v. Railroad, 85 Mo. 79; McDonald v. Railroad, 219 Mo. 468; Chlander v. Transit Co., 213 Mo. 244.

ELLISON, J.—This is an action for personal injury alleged to have been received by plaintiff's intestate, Miss Tanner, while a passeger on one of defendant's trains. The judgment in the trial court was for the plaintiff. After the rendition of the judgment Miss Tanner died and the action was revived in plaintiff's name, though for convenience we will designate her as the plaintiff.

It appears that she was a physician and traveled around to several towns in Kansas in the practice of her profession. That while on one of defendant's trains, the car in which she and six men passengers were sitting, became derailed and ran for a short distance on the ties, when it was partly tipped to one side and stopped. Plaintiff testified that she was thrown against the arm of the seat, or seats, in such way as to sprain, or break, bones in her wrist, and that she struck the extreme end of her spine and the lower part of her abdomen against the arms of the seats with such violence as to cause such serious and painful injuries as to bring on permanent bodily disorders and nervous derangements, resulting in great change in appearance and in partial physical as well as mental disability

No special negligence was proved, the plaintiff insisting that it need not be, since the charge was general; while defendant contends it was special and not being proved, its demurrer to the evidence should have been sustained. The charge set out in the petition is that "The defendant carelessly and negligently operated said train in such manner that the train of cars left the track." If this was a general charge, then

plaintiff need go no further than to show the derailment and injury as the law will raise an inference of negligence. If the charge is specific, then she should have shown it by the testimony; and herein lies the importance of the controversy on this point. We conclude with the plaintiff that the charge is of general negligence. [Malloy v. Railroad, 173 Mo. 75; Chlanda v. Transit Co., 213 Mo. 244; MacDonald v. Railroad, 219 Mo. 468.]

A lengthy hypothesis was stated to a physician, who was put upon the stand by defendant as an expert. It concluded with this question:

"Q. Doctor, state whether or not, in your opinion, there might, could or *would* have been any connection between the blows that she received upon her body as I have described them to you, and the pain that she suffered at the base of the brain and along the spinal column and at the tail of the spinal column, the sleeplessness of nights, the nervousness; the question is whether or not there *would* be any connection, might could or *would* be any connection between those things? A. Yes, sir."

The objection made in this court is to the word "would" in the question; it being claimed that that word called for a conclusion of fact from the witness, the determination of which should have been left to the jury. An examination of the record shows several questions were put before the word "would" was used, and objections were made, and that finally when that word was introduced as shown in the question quoted, an objection was made but it did not include the use of that word. So the trial court's attention was not called to that phase of the objection and it is really put forward in this court for the first time, and for that reason alone should be overruled.

But, aside from this, the form of question including the word "would," was stated with approval in Taylor v. Railroad, 185 Mo. 239, and that part of the

case thus stating a form of question was afterwards quoted with approval by the Supreme Court in State v. Hyde, 234 Mo. 200. We have had occasion to say, in Holtzen v. Railroad, 159 Mo. App. 370, that the approval of the Taylor case should be regarded as closing the matter of propriety of the question in this court.

What we have said practically covers other objections, including the matter of continuance, in which we discover no ground for complaint.

Nor do we feel it would be proper to pronounce the verdict of $5000 as excessive. If the evidence in plaintiff's behalf is true, and we must so regard it, the serious and permanent injury so affected her body and mind as to practically destroy any pleasure in life.

Discovering no error justifying a reversal, we affirm the judgment. All concur.